IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BEVERLY E. CONNER,** on behalf of herself and all others similarly situated<br><br>**Plaintiff,**<br>vs.<br><br>**ALLIANCEONE RECEIVABLES MANAGEMENT, INC.**<br><br>**Defendants.** | **Civil Action No.**<br><br>**2:15-cv-04261-JHS** |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on November 2, 2015 and submit the following report of their meeting for the court's consideration:

1.  Discussion of Claims, Defenses and Relevant Issues

By Plaintiff, Beverly E. Conner:

Plaintiff alleges that Defendant AllianceOne Receivables Management, Inc. ("ARMI") violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692f(8) ("FDCPA") by sending collection letters to Plaintiff and the Class which revealed their ARMI account numbers through the glassine window of the envelopes. Plaintiff claims that these facts square with those at issue in *Douglass v. Convergent,* 765 F.3d 299 (3d Cir. 2014), where the Third Circuit held that the disclosure of internal account numbers on the outside of debt collection envelopes violates the FDCPA. Plaintiff contends that these account numbers are core pieces of information pertaining to the recipients' status as debtors and Defendant's debt collection efforts, have the potential to *identify* the

debtors and the debts, and thus implicate a core concern of the FDCPA – the invasion of privacy.  Disclosed to the public, such information could be used to expose the financial predicament of the Plaintiff and the putative class members.

While Defendant does not deny that it exposed internal account numbers, Defendant denies that their conduct violates the FDCPA and contends that the internal account numbers do not reveal any personal information concerning Plaintiff or her debt.

By Defendant, AllianceOne Receivables Management, Inc.:

Plaintiff alleges that Defendant AllianceOne Receivables Management, Inc. ("ARMI") violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, ("FDCPA") in ARMI's attempt to recover Plaintiff's credit card debt owed to Citibank, N.A. Plaintiff alleges that she received a collection letter in an envelope which revealed ARMI's internal account number through the glassine window. Plaintiff alleges that this is a violation of 1692f(8), because ARMI's internal account number inexplicably reveals personal identifying information.

Defendant's position is that, contrary to Plaintiff's allegations, ARMI did not violate the FDCPA. While Plaintiff relies on the recent decision *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014), Defendant claims that the internal account number does not reveal personal information or any information connecting the Plaintiff to a debt. Therefore, the internal account

number does not reveal any personal information concerning Plaintiff or her debt. Defendant contends that the sole purpose of § 1692f(8) is to prevent embarrassment to a debtor, and this purpose cannot be met based on the conduct of ARMI, and ARMI did not violate 1692f(8) of the FDCPA.

    2.    Informal Disclosures

The parties will provide and exchange their initial disclosures prior to the November 5, 2015 Rule 16 Conference.

    3.    Formal Discovery

The parties request a discovery end date of July 15, 2016.

Defendants will be serving Plaintiff with Interrogatories, Requests for Production of Documents and Requests for Admissions. Defendants will also seek to depose Plaintiff regarding her interpretations of the letter at issue and her alleged damages.

Plaintiff will be serving Defendant with Interrogatories, Requests for Production of Documents, Requests for Admissions and Deposition Notices on class and liability issues, including *inter alia* the type and format of collection letters and envelopes sent during the class period, the number and frequency of collection letters sent, the recipients of such collection letters, Defendant's knowledge of FDCPA requirements, and Defendant's resources and procedures utilized to comply with the FDCPA.

    4.    Electronic Discovery

The parties do not believe that this case implements any considerable electronic discovery concerns. The parties agree that any disputes regarding

production of electronically stored information ("ESI") will be handled between them, with the Court's involvement only if and when necessary.

    5.    Expert Witness Disclosures

Expert witness reports and c.v. to be exchanged not later than June 1, 2016.

    6.    Early Settlement or Resolution

Defendants have requested a settlement demand from Plaintiff. Plaintiff will lodge a settlement demand to which Defendant will respond.

The parties agree to engage in a settlement conference after the close of discovery.

    7.    Trial

The parties request a trial date for December of 2016. The parties expect the trial in this matter to last about 3 days.

The parties do not agree to a referral of this case to a U.S. Magistrate Judge for trial.

8. Other Matters

The parties propose that the motion for class certification and any motions for summary judgment shall be filed no later than August 1, 2016.

/s/ *Daniel DeLiberty, Esq.*
Daniel DeLiberty, Esq.
Attorney for Plaintiff
Beverly E. Conner

/s/ *Ronald M. Metcho, Esquire*
Ronald M. Metcho, Esq.
Attorneys for Defendants
AllianceOne Receivables Management, Inc.